IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANCE DEVAL BONNER, SR., | No. 4:24-CV-00840 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

MEMORANDUM OPINION

JULY 1, 2024

Plaintiff Chance Deval Bonner, Sr., filed the instant *pro se* action alleging various tort claims against the United States under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680. Bonner's claims, however, appear to be facially barred by the FTCA's statute of limitations. The Court will therefore order Bonner to show cause as to why his complaint should not be dismissed for failure to state a claim upon which relief may be granted.

I.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[1] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[2] This language closely tracks Federal Rule

---

[1] *See* 28 U.S.C. § 1915A(a).
[2] *Id.* § 1915A(b)(1).

of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[3]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[6]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[7]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[8]  Second, the court should distinguish well-

---

[3] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[5] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[6] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[7] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[8] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[9]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[10]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

Because Bonner proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[12]  This is particularly true when the *pro se* litigant, like Bonner, is incarcerated.[13]

## II.    DISCUSSION

Bonner is currently incarcerated in the United States Penitentiary, Coleman, located in Coleman, Florida.[14]  His complaint concerns events that allegedly took place at the United States Penitentiary, Canaan (USP Canaan), situated in the Middle District of Pennsylvania.[15]  According to Bonner, the tortious incidents occurred between September 10, 2020, and September 22, 2020.[16]

---

[9]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Iqbal*, 556 U.S. at 681.
[12]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[13]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[14]  *See* Doc. 1 at 2.
[15]  *See id.* at 3.
[16]  *See id.*

Bonner alleges that several federal corrections officers at USP Canaan "assaulted and battered" him by placing him in four-point restraints that were far too tight.[17]  He further avers that multiple medical providers were professionally negligent in their treatment of him with respect to periodic restraint checks and follow-up care.[18]  He specifically asserts claims of assault and battery, intentional infliction of emotional distress, medical malpractice, negligence, negligent supervision, and civil conspiracy.[19]  These state-law tort claims are brought pursuant to the FTCA.[20]

Bonner's FTCA claims, however, appear to be facially barred by the statute of limitations.  Erring on the side of caution, the Court will provide him the opportunity to establish why his complaint should not be dismissed for failure to state a claim upon which relief may be granted.

### A.   FTCA Statute of Limitations

"The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment."[21]  "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a

---

[17]  *See id.*
[18]  *See id.*
[19]  *See id.* at 8, 10-11.
[20]  *See id.* at 1.
[21]  *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018); *see also* 28 U.S.C. § 1346(b)(1).

4

mechanism for bringing a state law tort action against the federal government in federal court. Thus, 'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'"[22]

An FTCA claim against the United States is "forever barred" unless it is presented to the appropriate federal agency "within two years after such claim accrues[.]"[23] When an FTCA claim accrues is a question of federal law.[24] If the claim is administratively denied, it must be brought in federal court within six months from the date "of notice of final denial of the claim by the agency to which it was presented."[25] An FTCA claimant must file "*both* a claim with the federal agency within two years of the tort *and* suit within six months of the agency's denial" of that claim.[26]

There is no uncertainty about when Bonner's FTCA claims accrued. As he plainly alleges in his complaint, he was "assaulted and battered" by federal corrections officers and provided negligent medical care by medical personnel during a discrete, twelve-day period in September 2020. Thus, he had until September 2022 to present his tort claims to the federal Bureau of Prisons (BOP). Bonner then had six months from the date of the denial of the claim by the BOP to

---

[22] *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361-62 (3d Cir. 2001) (quoting *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996)).
[23] *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006) (quoting 28 U.S.C. § 2401(b)).
[24] *See id.* (citing *Tyminski v. United States*, 481 F.2d 257, 262-63 (3d Cir. 1973)).
[25] 28 U.S.C. § 2401(b).
[26] *Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018).

file the instant FTCA lawsuit. Thus, unless Bonner filed his administrative claims at the latest possible date and the BOP took over a year to review and deny his claims (a combination of events that is extremely unlikely), Bonner's FTCA lawsuit is facially time-barred.

Nevertheless, district courts must be cautious when considering *sua sponte* dismissal of a complaint on statute-of-limitations grounds unless it is apparent from the face of the complaint that there is no valid basis for tolling.[27] The Court will therefore provide Bonner the opportunity to establish why his FTCA complaint is not barred by the statute of limitations.[28]

### B. FTCA Administrative Exhaustion

There is another potential problem with Bonner's lawsuit. As noted above, the FTCA requires claimants to administratively exhaust any claim before filing suit in federal court.[29] Exhaustion of FTCA claims is jurisdictional in nature and cannot be waived.[30] And federal courts are obligated to satisfy themselves that they have jurisdiction before proceeding to the merits of a claim, even if neither party raises the issue.[31]

---

[27] *See Soumphonphakdy v. Walilko*, 808 F. App'x 59, 60 (3d Cir. 2020) (nonprecedential).
[28] *See id.* (directing district courts to provide "notice and an opportunity to be heard" on the statute-of-limitations issue).
[29] *See* 28 U.S.C. § 2675(a).
[30] *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).
[31] *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012); *GBForefront, L.P. v. Forefront Mgmt. Grp.*, 888 F.3d 29, 34 (3d Cir. 2018); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (explaining that "the court can raise *sua sponte* subject-matter jurisdiction concerns").

Often, when filing an FTCA lawsuit, plaintiffs will either allege that they administratively exhausted their claims or they will include a copy of the federal agency's administrative denial, which indicates that the claimant may seek relief through civil litigation against the United States in federal court. Bonner, however, has not alleged that he presented his tort claims to the BOP or otherwise administratively exhausted his claims. Nor has he provided any documentation regarding a final administrative denial of his claims or right-to-sue letter.

Consequently, the Court harbors substantial skepticism that Bonner administratively exhausted his FTCA claims before bringing them to federal court. Bonner may assuage these jurisdictional doubts by appropriately alleging facts (pursuant to Federal Rule of Civil Procedure 11(b)(3)) or providing documentation establishing that he administratively exhausted his FTCA claims.

## III. CONCLUSION

Based on the foregoing, Bonner will be ordered to show cause as to why his complaint should not be dismissed for failure to state a claim for relief pursuant to 28 U.S.C. § 1915A(b)(1), as it appears that his claims are facially barred by the FTCA's statute of limitations. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge