IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHANCE DEVAL BONNER, SR., | No. 4:24-CV-00840 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

# MEMORANDUM OPINION

### MARCH 4, 2025

Plaintiff Chance Deval Bonner, Sr., filed the instant *pro se* lawsuit alleging various tort claims against the United States under the Federal Tort Claims Act (FTCA).[1]  Presently pending is the United States' motion to dismiss or alternatively for summary judgment.  Bonner has not responded to the United States' motion in any way.  The record reflects that Bonner failed to administratively exhaust several of his FTCA claims, so those claims must be dismissed.  And because Bonner fails to carry his summary judgment burden on the FTCA claims he did administratively exhaust, the Court will grant Defendant's Rule 56 motion as to those remaining claims.

---

[1]  28 U.S.C. §§ 1346, 2671 *et seq*.

I.      **FACTUAL BACKGROUND**[2]

Bonner is currently incarcerated in the United States Penitentiary, Coleman II, located in Coleman, Florida.[3] His complaint concerns events that allegedly took place at the United States Penitentiary, Canaan (USP Canaan), situated in the Middle District of Pennsylvania.[4] According to Bonner, the tortious incidents occurred between September 10, 2020, and September 22, 2020.[5]

Bonner alleges that several federal corrections officers at USP Canaan "assaulted and battered" him by placing him in four-point restraints that were far too tight.[6] He further avers that multiple medical providers were professionally negligent in their treatment of him with respect to periodic restraint checks and follow-up care.[7] He specifically asserts claims of assault and battery, intentional infliction of emotional distress, medical malpractice, negligence, negligent

---

[2]   Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* The United States filed its statement of material facts, (Doc. 23), but Bonner failed to respond to that statement. Accordingly, the Court will deem admitted the facts in the United States' Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.
[3]   Doc. 23 ¶ 1.
[4]   *See* Doc. 1 at 3.
[5]   *See id.*
[6]   *See id.*
[7]   *See id.*

supervision, and civil conspiracy.[8]  These state-law tort claims are brought against the United States under the FTCA.[9]

The United States moved to dismiss or alternatively for summary judgment on November 4, 2024,[10] and filed its brief in support and statement of material facts on December 18, 2024.[11]  Bonner failed to respond to the United States' motion in any way.  The Court *sua sponte* granted Bonner an extension of time in which to oppose Defendant's motion and warned him that failure to respond would result in the motion being deemed unopposed,[12] but Bonner still failed to respond.  The deadline for a responsive pleading has long since passed, so the United States' unopposed motion is ripe for disposition.

## II.  STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[13]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are

---

[8]  *See id.* at 8, 10-11.
[9]  *See id.* at 1.
[10] Doc. 16.
[11] Docs. 23, 24.
[12] *See* Doc. 29.
[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[14] FED. R. CIV. P. 56(a).

'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[15]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[16] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[17] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[18] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[19] Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[20]

## III. DISCUSSION

The United States raises a host of arguments as to why Bonner's claims should either be dismissed under Federal Rule of Civil Procedure 12(b)(1) or

---

[15] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[17] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[18] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[19] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[20] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

12(b)(6) or that summary judgment should be granted in the United States' favor pursuant to Federal Rule of Civil Procedure 56. Defendant is correct that several of Bonner's claims must be dismissed under Rule 12(b)(1) because they are unexhausted and thus the Court lacks jurisdiction to entertain them. Bonner's remaining FTCA claims fail at the Rule 56 stage.

### A. Failure to Exhaust Administrative Remedies

"The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment."[21] "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court. Thus, 'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'"[22]

The FTCA, however, requires claimants to administratively exhaust any claim with the appropriate federal agency before filing suit in federal court.[23] Exhaustion of FTCA claims is jurisdictional in nature and cannot be waived.[24]

---

[21] *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018); *see also* 28 U.S.C. § 1346(b)(1).
[22] *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361-62 (3d Cir. 2001) (quoting *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996)).
[23] *See* 28 U.S.C. § 2675(a).
[24] *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).

And federal courts are obligated to satisfy themselves that they have jurisdiction before proceeding to the merits of a claim, even if neither party raises the issue.[25]

As noted above, Bonner asserts FTCA claims of assault and battery, intentional infliction of emotional distress, medical malpractice, negligence, negligent supervision, and civil conspiracy. Bonner timely filed an Administrative Tort Claim related to the September 2020 incident.[26] However, that claim, even liberally construed, cannot be read to include allegations of intentional infliction of emotional distress, negligent supervision, or civil conspiracy.[27] Without raising these tort claims during the administrative process, they are procedurally defaulted[28] and this Court lacks subject matter jurisdiction to consider them.

Bonner did administratively exhaust his FTCA claims for assault and battery, medical malpractice, and negligence. These claims, however, fail on the merits under Rule 56 scrutiny.

### B. Motion for Summary Judgment

First, Bonner has failed to carry his burden at summary judgment because he has not opposed the United States' Rule 56 motion in any way. Bonner has not

---

[25] *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012); *GBForefront, L.P. v. Forefront Mgmt. Grp.*, 888 F.3d 29, 34 (3d Cir. 2018); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (explaining that "the court can raise *sua sponte* subject-matter jurisdiction concerns").
[26] Doc. 23 ¶ 88.
[27] *See id.* ¶¶ 88-89; Doc. 23-4 at 1, 3.
[28] *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 304-05 (3d Cir. 2020); 42 U.S.C. § 1997e(a).

identified any record evidence that would rebut the United States' summary judgment arguments and supporting evidence. Bonner has not, for example, pointed to a declaration or affidavit, medical records, witness statements, or any other evidence that could sustain a verdict in his favor. In fact, Bonner has not even filed a response to the Rule 56 motion, meaning that—under Local Rule 7.6—the motion is deemed unopposed.[29]

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[30] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[31] No materials have been provided or cited by Bonner in opposition to the United States' Rule 56 motion.

The Court additionally notes that, as Bonner has failed to comply with Local Rule 56.1, the United States' statements of material fact regarding the September 2020 incident are deemed admitted.[32] Upon admission of these material facts,[33] it

---

[29] *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").
[30] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (emphasis added) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).
[31] FED. R. CIV. P. 56(c)(3).
[32] *See* LOCAL RULE OF COURT 56.1.
[33] *See* Doc. 23 ¶¶ 5-87.

follows that Bonner cannot, as a matter of law, succeed on his remaining tort claims.

Thus, because Bonner has failed to establish that there is a genuine issue for trial, the Court will grant the United States' motion for summary judgment as to Bonner's FTCA claims alleging assault and battery, medical malpractice, and negligence.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant the United States' motion (Doc. 16) to dismiss and for summary judgment as more fully set forth above.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
